**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JEFFREY SILER, | : | |
| Plaintiff, | : | Case No. 3:03CV00031 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| WAL-MART STORES INC.,<br>et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

**REPORT AND RECOMMENDATIONS**[1]

## I. INTRODUCTION

Does Plaintiff Jeffrey Siler's Chapter 7 bankruptcy Petition and discharge require dismissal of his overtime-pay claims from the present case to the extent they concern events that occurred before he filed for bankruptcy? The answer is yes.

Defendant Wal-Mart Stores Inc. raises this issue in its presently pending Motion for Partial Summary Judgment (Doc. #s 35, 37), which Plaintiff Siler opposes (Doc. #36).

## II. BACKGROUND

Wal-Mart employed Plaintiff Siler in various hourly-paid positions between October 1989 and July 1998.

On December 15, 1994, approximately five years after his employment with Wal-Mart

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

began, Plaintiff Siler filed a Chapter 7 bankruptcy Petition in the United States Bankruptcy Court for the Southern District of Ohio. The appointed bankruptcy trustee Donald F. Harker, III filed a Report of No Distribution stating in part, "there is no property available for distribution from the estate over and above that exempted by law." (Doc. #36, attached Exh.). The Bankruptcy Court accepted Trustee Harker's Report and granted Plaintiff Siler a discharge in bankruptcy on June 21, 1995. *Id*.

In the present case, Plaintiff Siler alleges that during his employment Wal-Mart required him to work off-the-clock five hours per week. This allegedly occurred when Wal-Mart required him to miss all or part of his scheduled lunch and rest breaks to help customers and to perform other tasks. In this manner, according to Plaintiff Siler, Wal-Mart required him to work a full week plus overtime without paying him for the overtime hours he worked. Plaintiff Siler further alleges, "Wal-Mart creates and encourages conditions that foster off-the-clock work throughout its stores in Ohio. This unlawful conduct by Wal-Mart is widespread and a repeated pattern and practice." (Doc. #1, Complaint attached at ¶6).

In 2002 Plaintiff Siler filed his Complaint in the Montgomery County, Ohio Court of Common Pleas raising ten Claims for Relief. (Doc. #1, Complaint attached). His Fifth through Seventh Claims for Relief assert that Wal-Mart violated his rights under Ohio's Minimum Fair Wage Standard Act, Ohio Rev. Code §4111.01, et seq. *Id*.

This Court has subject matter jurisdiction over Plaintiff Siler's state law claims due to the parties' diverse citizenship and because Plaintiff Siler seeks compensatory and punitive damages in an amount greater than $75,000.00. *See* 28 U.S.C. §1332(a); *see also* Doc. #1.

**III.   DISCUSSION**

### A. The Parties' Contentions

Wal-Mart seeks partial summary judgment on Plaintiff Siler's claims to the extent they are based on events that occurred before he filed his Chapter 7 bankruptcy Petition on December 15, 1994. Wal-Mart reasons that once Plaintiff Siler filed his bankruptcy Petition, his causes of action that existed before he filed his bankruptcy Petition became property of his bankruptcy estate. In this situation, according to Wal-Mart, only the bankruptcy Trustee has legal standing to pursue his pre-bankruptcy-filing claims.

Plaintiff Siler contends that he has standing because the Trustee Harker abandoned Plaintiff Siler's causes of action against Wal-Mart. In support of this contention, Plaintiff Siler relies on Trustee Harker's affidavit, which states:

> As a result of the filing of the No Asset Report, and the discharge granted to Jeffrey Siler over eight years ago, I effectively abandoned any interests in assets not administered as part of the bankruptcy estate, including Jeffrey Siler's claims against Wal-Mart Stores, Inc.
>
> In light of the fact that I have abandoned any interest in Jeffrey Siler's claims against Wal-Mart Stores, Inc. in favor of Jeffrey Siler, he has standing to pursue the claims in his own name and right.

(Doc. #36, Harker affidavit attached).

### B. Wal-Mart's Motion is Well Taken

The Bankruptcy Code requires a Chapter 7 Trustee to "collect and reduce to money the property of the estate for which the trustee serves...." 11 U.S.C. §704(1) ). Section 541(a)(1) defines "property of the estate" to include "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. §541(a)(1); *see In re RCS Engineered Products Co., Inc.*, 102 F.3d 223, 225 (6th Cir. 1996).

3

"It is 'well settled that the interests of the debtor in property' includes 'causes of action.'" *In re Van Dresser*, 128 F.3d 945, 947 (6th Cir. 1997)(quoting in part *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988); *see In re RCS Engineered Products Co., Inc.*, 102 F.3d at 225; *see also In re Graham Square Inc.*, 126 F.3d 823, 831 (6th Cir. 1997)("property of the estate includes the debtor's interest in a cause of action."). "[I]f the debtor could have raised a state claim at the commencement of the bankruptcy case, then that claim is the exclusive property of the bankruptcy estate...." *In re Van Dresser*, 128 F.3d at 947. Consequently, if Plaintiff Siler could have raised his Ohio law causes of action at the time he filed his bankruptcy Petition, then he is barred from raising them in the instant case. *See Id*. at 947-48.

There is no genuine dispute that Plaintiff Siler did not include his overtime-pay claims against Wal-Mart as a scheduled asset in his bankruptcy Petition. *See* Doc. #35 (Petition attached). Nothing prevented Plaintiff Siler from listing these claims as a scheduled asset during the bankruptcy proceedings. These claims were therefore part of his bankruptcy estate and his discharge in bankruptcy bars him from raising these claims in the present case. *In re Van Dresser*, 128 F.3d at 947; *see Anderson v. Acme Markets, Inc*., 287 B.R. 624, 632 (E.D. Pa. 2002); *see also Krank v. Utica Insurance Co*., 109 B.R. 668, 669 (E.D. Pa. 1990).

Plaintiff Siler's reliance on Trustee Harker's affidavit is misplaced because Harker's statement that he has abandoned the causes of action presently at issue constitutes a legal rather than a factual statement. "It is well settled that courts should disregard conclusions of law ... found in affidavits...: 'When conclusions of law appear in an affidavit ... the extraneous material should be disregarded, and only the facts considered.'" *FRC International, Inc. v. United States*, 278 F.3d 641, 643-33 (6th Cir. 2002)(citation omitted). Abandonment of property by a

4

bankruptcy trustee is not a pure fact question because it is strictly governed by the Bankruptcy Code.  Abandonment therefore occurs, not as a factual event, but in three situations described by statute:  First, "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. §554(a).  Second, "[o]n request of a party in interest and after a notice and a hearing, the [Bankruptcy] court may order the trustee to abandon any property ... that is burdensome ... or that is of inconsequential value and benefit to the estate."  11 U.S.C. §554(b).  Third, property that has been "scheduled" but that is "not otherwise administered at the time of the closing of a case" is deemed abandoned by the debtor.  11 U.S.C. §554©.  The Bankruptcy Code also specifically provides, property of the estate not abandoned in one of these three situations remains property of the estate unless the Bankruptcy court orders otherwise.  11 U.S.C. §554(d).

Property – like Plaintiff Siler's pre-December 1994 causes of action – not included as a scheduled asset by the debtor during his bankruptcy proceedings cannot be abandoned by the bankruptcy trustee without reopening the bankruptcy case and obtaining court approval.

> The language of [11 U.S.C. §554©] deems abandoned to the debtor any <u>scheduled</u> asset of the estate that remains unadministered at the close of the case.  Any asset concealed from the trustee or not scheduled by the debtor, however, will <u>not</u> be deemed to have been abandoned....  The word 'scheduled' in §554© has a specific meaning and refers only to assets listed in a debtor's schedule of assets and liabilities....

*In re McCoy*, 139 B.R. 430, 431-32 (Bkrtcy. S.D. Ohio 1991)(emphasis added); *see Rowland v. The Mutual Life Ins. Co. of N.Y.*, 689 F.Supp. 793, 797 (S.D. Ohio 1988)(Spiegel, D.J.)("As a general rule, there can be no abandonment by mere operation of law of property that was not listed in the debtor's schedule or otherwise disclosed to the creditors....").  Indeed, "a cause of action that was never scheduled cannot be abandoned to the debtor pursuant to 11 U.S.C.

5

§554(d)." *Anderson*, 287 B.R. at 632; *see Rowland*, 689 F.Supp. at 797.

Accordingly, Wal-Mart is entitled to dismissal of Plaintiff Siler's causes of action concerning events that occurred before December 15, 1994, the date he filed his bankruptcy Petition. For the following reasons, such a dismissal does not operate as an adjudicate on the merits of these claims in the instant case, but instead results in dismissal of these claims without prejudice.

C.      **Dismissal Without Prejudice**

Plaintiff Siler contends that if the Court finds that Trustee Harker's affidavit is not dispositve of Wal-Mart's Motion, summary judgment is not proper under Fed. R. Civ. P. 17(a), which states, "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest...." Plaintiff Siler alternatively seeks a stay of this case pending resolution of these claims in a reopened bankruptcy case.

Many years have passed since Plaintiff Siler filed his bankruptcy Petition and obtained his bankruptcy discharge. Plaintiff Siler has therefore had many years to seek a determination, either during the original bankruptcy proceeding or in a re-opened proceeding, concerning whether the bankruptcy trustee is the real party in interest on causes of action that were assets, albeit unscheduled assets, in his bankruptcy estate. In this situation, Plaintiff Siler has had more than a "reasonable time" under Rule 17(a) to determine who is the real party in interest on these claims. Rule 17(a), therefore, does not require an Order granting Plaintiff Siler further time to return to the Bankruptcy Court for further proceedings before his pre-December 1994 claims are

dismissed from the present case.

Although this Court has the discretion to stay a case under the case law relied on by Plaintiff Siler (Doc. # 36 at 7-8), a stay is not warranted in the present case. The claims presently at issue concern events that allegedly occurred before December 15, 1994. After Plaintiff Siler's bankruptcy discharge in June 1995, approximately seven years passed before he filed the instant case. In light of this, a stay of this case would not advance the interests of judicial economy because it would result in a further delay of this entire case for many months, if not for longer than one year. During this time, witnesses' memories will fade making the truthfinding process more difficult. Denying a stay, moreover, will not cause Plaintiff Siler to suffer prejudice since dismissal should be without prejudice to refiling these claims in the event he pursues a reopened bankruptcy proceeding and either the Trustee seeks to be substituted as the real party in interest in this case or Plaintiff Siler obtains an Order of abandonment of the overtime-pay claims at issue. *See Anderson*, 287 B.R. at 632 (dismissing "without prejudice to the right of the Trustee in Bankruptcy to be substituted as a party-plaintiff in the event that Bankruptcy Court reopens the bankruptcy proceedings.").

Accordingly, dismissal without prejudice of Plaintiff Siler's claims for relief is warranted to the extent they concern events that occurred before December 15, 1994, the date he filed his bankruptcy Petition.

### IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Wal-Mart Stores Inc.'s Motion for Partial Summary Judgment (Doc. #35) be GRANTED; and

2. Plaintiff Siler's claims for relief be DISMISSED without prejudice to the extent his claims concern events that occurred before December 15, 1994, the date he

filed his bankruptcy Petition.


April 26, 2005

                                                                   s/ Sharon L. Ovington
                                                                      Sharon L. Ovington
                                                United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).